PUNDERSON v. SHAW, EXECUTOR OF SHAW, DECEASED.

An article omitted in settlement of accounts, cannot be charged in a subsequent account; nor can the plaintiff's testimony be admitted to support such charge.

THIS was an action of book debt, and the general issue pleaded.

As the case opened on trial, it appeared, that the only question between the parties respected one article of the plaintiff's account, which accrued antecedent to a settlement by them made and subscribed.

Mr. Wait, for the defendant, objected to the testimony of the plaintiff, respecting the point in contest:  He urged, that whether the article claimed had been omitted in the former settlement, was a fact not proper to be ascertained by the testimony of the party:  That the plaintiff having acknowledged a settlement, under his hand, he shall not now be permitted to come into court, and testify in contradiction to it.— He cited the case of Waldron v. Eldridge, where the same point was adjudged last term.

By the COURT.    A mistake in a former settlement cannot be admitted as a legal charge on book:    The party affected by it must have his remedy by another kind of action.    The statute which permits interested persons to testify in the action of book debt, is not peremptory.    There may be many exceptions wherein he shall be excluded his testimony. And wherever there appears a settlement under hand, the court will never admit the parties to go over it; for it would open a door for great uncertainty and injustice.    In the late case of Waldron, which was an action of book debt, the question was, whether the parties might go beyond a former settlement, and it was adjudged they should not.

DYER, J., dissenting.    This is an action of book debt, and the general issue is pleaded; the cause, therefore, lies

open for an inquiry at large.   The law admits the parties to testify in this kind of action, and if their testimony is confronted by any other kind of evidence, the court will duly weigh it.   There may happen very many instances, where there is the same necessary for the admission of the party's oath, to support a charge like this, as there could have been to support the original charge, and consequently the same reason.

The defendant, by not pleading in bar, has waived all benefit by this objection:   A former judgment, or a settlement, is undoubtedly good matter of bar; but if the party will not plead it specially, he can take no advantage of it; therefore, the testimony of the plaintiff in this case is admissible.

The plaintiff then offered other disinterested witnesses, to prove the same fact; but they were refused by the court, because the article was not supportable as a charge on book.

DYER, J., dissenting.   The article charged, and now contended for, is admitted to have been a good charge on book, and in that way recoverable, if the settlement referred to does not conclude the plaintiff.

Note.— In this case the plaintiff filed a bill of exceptions, and carried the case to the Supreme Court of Errors; and there the judgment was affirmed.